## Case No. 282.

### The AMERICA.

[6 Ben. 122.][1]

District Court, E. D. New York.    May, 1872.

TOW-BOAT AND TOW — UNKNOWN OBSTRUCTIONS—BURDEN OF PROOF.

1. A canal-boat, properly placed in a tow, was being towed up the Hudson river. While

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

going at a proper speed, where the channel was wide and deep, she was struck under her bottom by something which made a hole in her, and caused her to sink. A libel to recover the damages was filed against the tow-boat: *Held*, That, on the evidence, it appeared that while being towed in the ordinary and proper channel, the boat was struck by something under water, whose presence could not be known by any care exercised by those in charge of the tow-boat.

2. That, when it was shown by the tow-boat, that all care was taken to avoid obstructions, and that this obstruction was unknown, the burden of proof was shifted to the libellants, and that, in order to recover, they must prove that the sinking was caused by negligence, on the part of the tow-boat.

[Cited in Powell v. The Willie, 2 Fed. 97.]

[See The Angelina Corning, Case No. 384.]

3. That, as they had failed in proving this, the tow-boat was not liable.

[Cited in Powell v. The Willie, 2 Fed. 97.]

[In admiralty. Libel by James McKeag, owner of the canal-boat A. W. Humphreys, against the steamer America, for damages suffered by the A. W. Humphreys while in the America's tow. Libel dismissed.]

Wilcox & Hobbs, for libelants.

C. Van Santvoord, for respondent.

BENEDICT, District Judge. This is an action brought by James McKeag, owner of the canal-boat A. W. Humphreys, to recover of the steamer America, the damages sustained by the canal-boat, while being towed by the America, from New York to Albany, on the night of the twenty-third day of August last. The evidence shows, that the canal-boat was properly placed in the tow, and that, soon after the tow was fully made up, and while proceeding up the river by New York, at a proper speed, this canal-boat was struck under her bottom by some hard substance, which, although it did not break her loose, or strike any other boat in the tow, made a hole in the bottom of this boat, which caused her to sink in a very short time. No one is called who knows what struck the boat. The channel was there very deep, and nothing was seen to cause danger. But it appears that off 59th street, in the river there was at this time an old sunken crib, which was well known, and on which the boat might have struck in passing over it, and much evidence has been taken, as bearing on the question whether the boat was off 59th street, or above that point when she struck. Upon this question my conclusion is that, as the evidence stands, it cannot be found that the cause of the injury was striking the old crib off 59th street. The case is then one where the tow-boat shows, that the boat was properly placed in the tow, and that, while being towed in the ordinary and proper channel, she was struck under water by something whose presence could not be known by any care exercised

by those in charge of the tow. In such a case the towing boat cannot be held liable. When, on the part of the tow-boat, it was shown that all care possible was taken to avoid all obstructions, and that the obstruction which hurt this boat was unknown, the burden of proof shifted to the libellants, and in order to recover they must show that the sinking was caused by negligence on the part of the tow. There must therefore be a decree dismissing the libel with costs.